UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROCKEFELLER PHOTOS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **SUSSEX MEAT PACKING, INC.,** <br><br> Defendant. | CIVIL NO. 2:25-CV-00188 <br><br> Civil Action <br><br> ANSWER, AFFIRMATIVE DEFENSES, THIRD-PARTY COMPLAINT, AND JURY DEMAND |

Defendant, **SUSSEX MEAT PACKING, INC.** ("Defendant"), by and through their counsel, Kennedys CMK, LLP, and by way of an Answer to Plaintiff's Complaint, say:

## THE PARTIES

1. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Answering Defendant admits the allegations contained in paragraph "2" of the complaint.

## JURISDICTION AND VENUE

3. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and refers all questions of law to the Court for determination.

4. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint and refers all questions of law to the Court for determination.

5. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint and refers all questions of law to the Court for determination.

1

**FACTS**

6. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint and refers all questions of fact to the Court for determination.

7. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint and refers all questions of fact to the Court for determination.

8. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and refers all questions of fact to the Court for determination.

9. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and refers all questions of fact to the Court for determination.

10. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and refers all questions of fact to the Court for determination.

11. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and refers all questions of law and fact to the Court for determination.

12. Answering Defendant admits the allegations contained in paragraph "12" of the Complaint.

13. Answering Defendant denies the allegation contained in paragraph "13" of the complaint as they pertain to https://www.ftsw.us/CygnusWebstore_Sussex/en/meat/18181-bottomrou.html. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "13" of the Complaint.

14. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and refers all questions of law and fact to the Court for determination.

17. Answering Defendant denies the allegations contained in paragraph "17" of the Complaint in the form alleged and refers all questions of fact and law to the Court for determination.

18. Answering Defendant denies the allegations contained in paragraph "18" of the Complaint.

19. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and refers all questions of fact to the Court for determination.

20. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refers all questions of law to the Court for determination.

## AS AND FOR AN ANSWER TO COUNT I
## COPYRIGHT INFRINGEMENT

21. Answering Defendant repeats, reiterates, and realleges each and every assertion and denial contained in paragraphs numbered "1" through "20" hereinabove as though more fully set forth at length herein.

22. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and refers

all questions of law and fact to the Court for determination.

23. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint and refers all questions of fact to the Court for determination.

24. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint and refers all questions of law to the Court for determination.

25. Answering Defendant denies the allegations contained in paragraph "25" of the Complaint in the form alleged and refers all questions of fact to the Court for determination.

26. Answering Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. Answering Defendant denies the allegations contained in paragraph "27" of the Complaint.

28. Answering Defendant denies the allegations contained in paragraph "28" of the Complaint in the form alleged and refers all questions of law to the Court for determination.

29. Answering Defendant denies the allegations contained in paragraph "29" of the Complaint and refers all questions of law to the Court for determination.

30. Answering Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. Answering Defendant denies the allegations contained in paragraph "31" of the Complaint.

32. Answering Defendant denies the allegations contained in paragraph "32" of the Complaint.

33. Answering Defendant denies the allegations contained in paragraph "33" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by the applicable statute of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. The Court lacks subject matter jurisdiction over this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The Court lacks subject matter over Defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred because the alleged damages, in any, were caused by the actions of a third person over whom Defendant has no authority, control, or responsibility.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because they failed to mitigate their damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Plaintiff is not the owner of the purported copyright.

### AS AND FOR AN EVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred because plaintiff lacks standing to bring claims

against Defendant.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims are barred because Defendant acted in good faith at all times.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff fails to state facts sufficient to permit recovery of attorney's fees.

### AS AND FOR A FOURTEENTH AFFIRTHAMTIVE DEFENSE

47.     Plaintiff's Complaint warrants dismissal because it involves a subject matter that is not copyrightable.

### AS AND FOR A FIFTEENTH AFIRMATIVE DEFENSE

48.     The fair use doctrine applies.

### AS AND FOR A SIXTEENTH AFIRMATIVE DEFENSE

49.     Plaintiff's Complaint warrants dismissal because the material in question lacks the originality required to form the basis of a claim.

### AS AND FOR A SEVENTEENTH AFIRMATIVE DEFENSE

50.     Plaintiff's Complaint warrants dismissal because Plaintiff forfeited their right to sue by general publication without the statutory copyright notice.

### AS AND FOR AN EIGHTEENTH AFIRMATIVE DEFENSE

51.     That the plaintiff did not comply with statutory provisions under the Copyright Act, including lack of proper notice, failure to publish in accordance with the statute, failure to deposit copies in the Copyright Office and/or to secure a copyright registration prior to initiation of the action.

### AS AND FOR A NINETEENTH AFIRMATIVE DEFENSE

52.     Defendant was an innocent infringer, if at all, and is not liable for damages.

### AS AND FOR A TWENTIETH AFIRMATIVE DEFENSE

53.     Plaintiff's action is barred by the doctrine of abandonment.

### AS AND FOR A TWENTY-FIRST AFIRMATIVE DEFENSE

54. Plaintiff's action is barred by the doctrine of waiver.

### AS AND FOR A TWENTY-SECOND AFIRMATIVE DEFENSE

55. This Court lacks jurisdiction over the person of this Defendant in that service of process was not made in accordance with the provisions of the Federal Rules of Civil Procedure.

### AS AND FOR A TWENTY-THIRD AFIRMATIVE DEFENSE

56. This Court lacks in personam jurisdiction over the person of this Defendant.

### AS AND FOR A TWENTY-FOURTH AFIRMATIVE DEFENSE

57. Defendant may have certain other affirmative defenses that have not yet become apparent based on the allegations of the Complaint. Defendants reserve the right to assert any additional affirmative defenses by amendment of this pleading or as otherwise provided for by law.

**WHEREFORE**, Defendant, **SUSSEX MEAT PACKING, INC.,** demands judgment dismissing the Complaint, together with the costs and disbursements of this action.

### THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, **SUSSEX MEAT PACKING, INC.** ("Sussex Meat Packing"), through the undersigned counsel, by way of a Third-Party Complaint against Third-Party Defendant **FTS SOLUTIONS, INC.** ("FTS"), states as follows:

### PARTIES

1. At all relevant times, Sussex Meat Packing was and is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 205 State Rt 23, Sussex, New Jersey 07461.

2. Upon information and belief, at all relevant times, FTS was and is a corporation organized and existing under the laws of Texas, having its principal place of business at 10701

7

Corporate Dr #228, Stafford, TX 77477.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court also has supplemental jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1367 because the claims stated in this Third-Party Complaint are so related to the claims stated in Plaintiff's Complaint that they form part of the same case or controversy.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims stated in this action occurred in this District.

## FACTS COMMON TO ALL COUNTS

6. FTS holds themselves out to the public as a company that provides "flexible supermarket software-as-a-service scalable to one or many locations" and "advanced features for inventory management, online grocery ordering, customer loyalty programs and business intelligence." *See* https://www.ftssol.com/.

7. On or about October 11, 2020, Sussex Meat Packing entered into an Agreement and engaged the services of FTS for grocery management software. A copy of the October 11, 2020 invoice for services has been attached hereto as **Exhibit "A"**.

8. One of FTS's services utilized by Sussex Meat Packing was the service for an online webstore through FTS. *Id.*

9. As part of the services offered by FTS, photographs of different food products were offered by FTS to Sussex Meat Packing for use on Sussex Meat Packing's online platform with FTS.

10. Included in these photographs was the photograph of a beef bottom round roast

8

("subject photograph") that is the subject for the basis of Plaintiff's underlying lawsuit. *See* page 3 of Plaintiff's Complaint.

11. At all times relevant hereto, Sussex Meat Packing relied on the purported expertise and skill of FTS as it pertained to the photographs provided to Sussex Meat Packing by FTS.

12. At no time relevant to this litigation was Sussex Meat Packing aware of the licensure status of the subject photograph.

13. At no time relevant to this litigation did FTS advise Sussex Meat Packing of the licensure status of the subject photograph.

14. At no time relevant to this litigation did Sussex Meat Packing conduct any search for photographs of a bottom round beef roast for commercial use in the sales of their grocery products.

15. Sussex Meat Packing did not obtain the subject photograph from any other independent source.

16. When Sussex Meat Packing obtained the subject photograph for use from FTS, there were no watermarks, copyright symbols, or other insignia that indicated the subject photograph was subject to copyright.

17. At the time that Sussex Meat Packing obtained the subject photograph from FTS, Sussex Meat Packing did not know whether the subject photograph was a copyrighted image.

18. After obtaining the photograph from FTS on or about April 29, 2021, the subject photograph remained on Sussex Meat Packing sales websites until sometime in January 2023.

19. In or around January 2023, Sussex Meat Packing was put on notice of the claim by Plaintiff that the subject photograph was a copyrighted image.

20. At that same time, Sussex Meat Packing was in the process of terminating, and

did terminate, their relationship with FTS.

21. When the relationship with FTS was terminated, the subject photograph was removed from all of Sussex Meat Packing's sales websites.

22. Sussex Meating Packing was not involved with FTS's obtainment of the subject photograph.

## COUNT I

## BREACH OF CONTRACT

23. Sussex Meat Packing re-alleges paragraphs "1" to "22" as if set forth in full herein.

24. Sussex Meat Packing and FTS entered into a valid contract, i.e. the Agreement, for services including an online webstore and photographs of products.

25. In return for FTS's services, including the online webstore and photographs of products, Sussex Meat Packing paid FTS.

26. Sussex Meat Packing has fully complied with all of their obligations of the Agreement.

27. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, FTS breached the Agreement with Sussex Meat Packing.

28. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages.

## COUNT II

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

29. Sussex Meat Packing re-alleges paragraphs "1" to "28" as if set forth in full herein.

30. As a party to the Agreement between FTS and Sussex Meat Packing, FTS owed a duty of good faith and fair dealing to Sussex Meat Packing.

31. At all times relevant hereto, Sussex Meat Packing faithfully and honestly abided by the Agreement.

32. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, then FTS breached its duty of good faith and fair dealing in failing to provide a properly licensed photograph, as part of the services paid for by Sussex Meat Packing.

33. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, then FTS breached its duty of good faith and fair dealing in failing to properly warn or notify Sussex Meat Packing that the subject photograph was not properly licensed for use by either FTS or Sussex Meat Packing.

34. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages.

## COUNT III

### BREACH OF IMPLIED WARRANTY
### FOR FITNESS OF A PARTICULAR PURPOSE

35. Sussex Meat Packing re-alleges paragraphs "1" to "34" as if set forth in full herein.

36. FTS provides services to supermarkets, including among other things, webstore services and photographs of products for use by supermarkets.

37. On or about April 29, 2021, Sussex Meat Packing obtained a photograph of a beef bottom round roast ("subject photograph") from FTS as part of the services paid for by Sussex Meat Packing to FTS.

38. Sussex Meat Packing informed FTS of the particular purpose for which Sussex Meat Packing required the subject photograph at the time the subject photograph was obtained from FTS as part of the services paid for by Sussex Meat Packing to FTS.

39. Sussex Meat Packing relied on FTS's skill and/or judgment to select and/or furnish suitable photographs, and FTS knew or had reason to know that Sussex Meat Packing did so rely.

40. As a result of the circumstances herein, an implied warranty that the photograph was fit to be used by Sussex Meat Packing for the previously stated purpose(s) existed.

41. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, then the subject photograph was not fit for the communicated and intended use by Sussex Meat Packing in that the photograph was not properly licensed for use by FTS, thereby making the subject photograph unusable, and FTS did not notify Sussex Meat Packing of this fact.

42. Sussex Meat Packing notified FTS of the claimed defect of the subject photograph within a reasonable time of learning of the breach.

43. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages including but not limited to the damages claimed in Plaintiff's underlying complaint and the associated legal fees incurred therefrom.

## COUNT IV

## COMMON LAW INDEMNIFICATION

44. Sussex Meat Packing re-alleges paragraphs "1" to "43" as if set forth in full herein.

45. In the event liability is demonstrated, with all such allegations of liability directed at Sussex Meat Packing being denied, then FTS was negligent, careless, and/or

otherwise caused, or contributed to, Plaintiff's damages.

46. While denying any liability to the underlying Plaintiff for the damages alleged, should liability be adjudged, Sussex Meat Packing asserts that such liability is merely passive, secondary, technical, vicarious and imputed in that the sole and primary negligence is that of others, including FTS, entitling Sussex Meat Packing to judgment for common law indemnification for any and all sums recovered against Sussex Meat Packing by Plaintiff, together with attorneys' fees, interest and costs of suit.

## COUNT V

## CONTRACTUAL INDEMNIFICATION

47. Sussex Meat Packing re-alleges paragraphs "1" to "46" as if set forth in full herein.

48. Pursuant to the Agreement between FTS and Sussex Meat Packing, FTS agreed to indemnify and hold harmless Sussex Meat Packing against all claims, damages, losses, and expenses caused in whole or in part by any negligent act or omissions by FTS or anyone directly or indirectly employed by FTS,

49. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then Sussex Meat Packing is entitled to contractual indemnification from FTS for any sums which it may be adjudged liable to Plaintiff.

## COUNT VI

## UNJUST ENRICHMENT

50. Sussex Meat Packing re-alleges paragraphs "1" to "49" as if set forth in full herein.

51. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat

Packing has suffered damages, then by its conduct detailed above, FTS acted unconscionably toward and wrongfully obtained funds from Sussex Meat Packing.

52. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then FTS acted with conscious disregard for the rights and interests of Sussex Meat Packing.

53. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then FTS's unconscionable and wrongful conduct caused FTS to be unjustly enriched at the direct expense of Sussex Meat Packing.

54. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then it is inequitable for FTS to be permitted to retain the financial benefits it received from Sussex Meat Packing. FTS's retention of such funds constitutes unjust enrichment.

55. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then FTS's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

56. To the extent that it is established that FTS did not have or hold a license for the subject photograph at the time that it was provided to Sussex Meat Packing, Sussex Meat Packing has suffered damages, then FTS's ill-gotten gain rightfully belongs to Sussex Meat Packing. should be ordered to make restitution or to disgorge the wrongfully obtained funds.

## JURY DEMAND

Defendant/Third-Party Plaintiff **SUSSEX MEAT PACKING, INC.**, hereby demands

a jury trial as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Third-Party Plaintiff **SUSSEX MEAT PACKING, INC.**, demands judgement be entered as follows:

1. That Third-Party Defendant FTS Solutions, Inc. breached their contract with Sussex Meat Packing, Inc.;

2. That Third-Party Defendant FTS Solutions, Inc. breached their duty of good faith and fair dealing;

3. That Third-Party Defendant FTS Solutions, Inc. breached their implied warranty for fitness of a particular purpose;

4. That Third-Party Defendant FTS Solutions, Inc. owes Sussex Meat Packing common law indemnification;

5. That Third-Party Defendant FTS Solutions, Inc. owes Sussex Meat Packing contractual indemnification;

6. That Third-Party Defendant FTS Solutions, Inc. was unjustly enriched by their actions; and

7. That Defendant Sussex Meat Packing, Inc. is entitled to relief from Third-Party Defendant FTS Solutions, Inc. in an amount to be determined; and

8. All such other relief as this Court deems just and proper.

Dated: New York, New York
February 25, 2025

KENNEDYS CMK LLP

*s/ Ian J. Antonoff*
_____
Ian Antonoff, Esq.
Jay Hamad, Esq.
Ashley N. Heffernan, Esq.
**Attorneys for Defendant/Third-Party Plaintiff Sussex Meat Packing, Inc.**
570 Lexington Avenue – 8th Floor
New York, New York 10022
Tel: (646) 625-4000
Fax: (646) 625-4044